Case 13-3295 and 33-31 Kathleen McCarthy v. Ameritech Publishing Inc. et al. Argument not to exceed 15 minutes per side. Ms. Young for the appellate. Please the court. I represent Kathleen McCarthy as well. Yes, I'm sorry. I'll move in. I represent the appellant in the cross appellee in this case. I'd like to reserve five minutes for the public as well. You may. Thank you. This appeal moves us from the merits of the case and is about the court's power to police discovery violations and to enforce the rules, the discovery rules, with adequate financial sanctions when there has been a violation. I think there are three parts to this appeal of the cross appeal. There are a couple of legal issues, a couple of factual issues, and a handful of procedural issues. I'd like to begin with the legal questions because I think those are the most important to this case. Those questions are two. The first one is whether the Sixth Circuit should join the other circuits that have considered this issue and hold that the costs of presenting and C2 sanction, a request for admission sanction, should be allowed. Our position clearly is that there is authority for this. The district court in its decision on this said that there is no authority and there is authority in the 7th, 8th, and 10th district. It's also, I think, consistent with the purposes of sanctions in general. The purposes of sanctions for discovery rules are, of course, to make discovery easier, to incentivize the parties to do what they ought to do. In this case, it's clear that there was not discovery, it was not appropriately done on a request for admission for Ms. McCarthy's eligibility. There was a later email after a denial for eligibility. Your appeal is your appeal initially. Correct. As I understand, you got $15,000, the court awarded $15,000 plus in attorney's fees and expenses. That's correct. How much were you asking for in the application? It was right around $153,000. It is a large number indeed, but because this process took so long, because we had to serve so many requests. So I understand that you're asking for $153,000 for preparing the application? Not simply preparing. It's from the time when we asked you to serve a request for admission. They denied it. We said, okay, if you're denying that she's eligible, tell us where the documents are that discuss her eligibility. He's asking you how much of your fee request is attributable to the preparation of the application for fee? Ah, I see. Boy, I'm going to do some quick math in my head there. I don't have that precise number off the top of my head. My memory is that the court made two kinds of determinations when it looked at the main number we were looking for. It said it made a temporal cutoff and then of what was left before that temporal cutoff, it was about 40%. I was trying to narrow this down. You wanted a big amount. That's correct. $3,000. The court awarded $15,000. Yes. You're mad about that, right? Then you say, and also you want money for preparing the application for fee. I assume that's got to be a pretty small number, $1,000, $2,000, $3,000, something like that. No, I understand your question. I apologize. $153,000 encompasses the fee application. Overall claim. Correct. It includes the motion to compel. It includes the motion for sanctions, the motion for attorney's fees, and the three-day hearing. How much of that is for the application? The presentation? I'm sorry. It's for the application for preparing the motion. The amount for preparing the motion, I can locate that, but I don't have that number just off the top of my head. It was a significant amount because the attorney fee issue was briefed separately, then the motion to compel and also the motion for attorney's fees. How did this take three days to hear? That would have amounted to a fair amount of $153,000. That would have been a chunk, I would think, to have lawyers in court for three days. Who bears the responsibility for that? That's a good question. It was a very long hearing. I think part of the length of the hearing was that there were so many discovery requests to go through. But all of them did not relate to the issue that was ultimately the cause of the sanctions? That's correct. So you wouldn't be able to presumably charge for all of that time that you would have had to compartmentalize? For the hearing, that was all related to this issue because the court split its decisions. I thought you said there were so many issues to go through. There were so many discovery requests to go through. The court decided the motion for sanctions, which was the middle of the three motions. It decided the sanctions and sanctioned the API only on one request for admission. How long did it take you to present your proof, respectively? At the hearing, again, I was not involved at that point, but I believe there was a day, I want to say it was a day and a half, or one and a half of the three sessions. And in the field that the student was in? I believe so. There were several lawyers. Both of the lawyers were cross-examined. I thought you were the judicial officer who spent three days on this kind of discovery. You probably wouldn't have been too happy at the end of those three days. I imagine not. I imagine not. But nonetheless, those costs, that three-day hearing, which was, again, not requested by the party, all of those costs go into what it takes for a party to prosecute the discovery violation, which is clear of mistakes. And that's consistent with how discovery violations and other sanctions awards are treated by courts across the country. It's typical for attorney's fees for doing the prosecution itself is for the motion for attorney's fees. Can you tell us simply then, what did the judge do wrong in, say, compartmentalizing those sanctions that you were entitled to and those ones that you weren't entitled to? Many of your discovery requests were not sanctioned. That's correct. I think there were two specific errors that I would discuss. The first one is the court cut everything off from sort of an analytical perspective and said, there is no authority for me giving you sanctions for prosecuting your attorney fee application. We would argue that there is authority for that. The second one is cutting it off at a specific time when the Council for API acknowledged that there was an error. When we were finally given the e-mail— That was in 2012. That's correct. When we were finally given that e-mail, there was a discussion between Council about there was a deposition going forward the next day. There was an offer, a conditional offer, to stipulate to her eligibility at that point. McCarthy would not take three depositions. Of course, we declined not to take the depositions and went forward. But we— Who were those three, and were they taken? They were taken. Rhonda Duncan was the first. Was he? I'm sorry? Was there someone like that in the meeting? That sounds right to me. I apologize. Not Cameron? It was not Cameron at that point, no. We were coming very close, I believe, to the end of discovery, if my memory serves, at that point. And there was a summary judgment motion that was on its way as well. But at that point, there was a conditional offer to stipulate. And when Council for McCarthy re-inquired, would you still like to stipulate, there was no response. So no stipulation was ever entered. And our argument, I think, on— I thought there was a stipulation in summary. There was no stipulation entered. Our argument is that Council's acknowledgment of a fact does not prove the fact such that it's useful to a party in proving their case. We can't go to the jury and say, Council has now said this. We therefore prove that she's eligible. A request for admission is specifically to acquire proof that sticks, for lack of a better word. And an admission or an acknowledgment from Council doesn't apply. Is there any difference between offering or asking to stipulate versus kind of going back and saying, okay, we will now revise our answer to the request for admission? I think there is a difference, a big difference. One is just the nature of a request for admission. It sticks. I guess that's the word I'm coming from. Is there any reason they couldn't or shouldn't have then revised their answer? I believe they should have. The language of the rule is not entirely clear on whether or not that must be done if there is the information that's otherwise provided to a party. But they did not do that. They did prove their answer to our amended complaint that they did put it there. So at that point, it was approved for purposes of the rule. When did they do that? I believe it was June 26th of 2012. So at that point, I see my time is about nine seconds. Do you have any questions for me? I hesitate to even start saying anything because with this panel, I'm sure I'll get a host of questions. If you look at the Rule 37 process, it is by all accounts a post-trial remedy. In other words, you make a request for admission so you don't have to prove something at trial or proofs are accepted. So the first question is, what does it mean under this scenario where there's been no trial? When is a proof made and by whom under Rule 37? So the first issue for the district court judge was whether or not any proof had ever been made because the case never made it to trial. Second question. Does that mean you can blow off all the sanctions rules of all the discovery rules and you never get to trial? Not at all, but the Rule 37 is a specific discovery rule and a specific discovery remedy for failing to… Is there some other rule that you can see to that? Well, there's a Rule 36 for not making discovery and for not abiding by orders and so forth. In this particular case, plaintiff moved under 37C2, arguing that reasonable attorney fees and costs should be assessed because she had to make the proof. Are you saying that she's not talented? I mean, if justice pays the dollar? Yes, I'm saying that. I'm saying that we would have probably never appealed this case, but for the fact that she appealed the $15,000. And then the question becomes, what proof did she make for which she is entitled to receive reasonable costs and attorney fees? You know, this rule does not restrict it on its values to post-trial situations. I understand that. And the way summary judgment procedures work is that there are times when an attorney is very much in an attorney's interest to present evidence with respect to the elements of the crime, correct? Certainly. Certainly. But in this case, the question was, what did she have to do as a result of the denial? And there's no question it was an improper denial at the time. And I can assure you that trying to find out who and where and why and what plaintiff was entitled in the way of benefits from a huge corporation, which had numerous collective bargaining agreements and all kinds of different vendors, was a small museum of approaches. But in any event, so the motion was filed for sanctions. At the time she filed the motion, the plaintiff filed the motion, she said in her motion, and it's in the record, that she had incurred $135,000 in prosecuting the whole case. $135,000 in prosecuting the whole case. After the judge granted the order for sanctions, and she went to file for the attorney fees, and this goes to the question you asked earlier, Judge Newman, she asked for $153,000. Plaintiff submitted, plaintiff's counsel submitted all of her invoices from the beginning of the case through the end of the case, right up until the day of the hearing. In fact, when the hearings kept coming, after the first hearing, she'd come in with a revised invoice, a revised demand for more money than it had accrued from the first time. So the reason why this hearing was so long, and I dispute the fact that we both asked for her evidentiary, was because plaintiff was asking for the sum total of virtually all of her attorney fees incurred in prosecuting this case with all eight of its claims. All the discovery responses went in to show that she wasn't asking merely for retiree health benefits. It would have been a lot simpler to have ruled on that issue at the very beginning, and to have ruled that only evidence pertaining to this particular discovery request issue could be presented. That is a trial management comment that has nothing to do with this case. Although if this case goes back down, I'll have to go in front of Judge Rose, I don't want to comment on that, but you're correct. But one issue that could have been removed from the very beginning was, when plaintiff filed the motion, her counsel at the time submitted an affidavit. And in support of her motion for sanctions, her counsel said, as we cited here, that on May 10, 2012, counsel for defendants finally acknowledged that Indeed McCarthy was entitled to receive post-retirement medical benefits as of August 15, and that Ms. McCarthy's eligibility was also confirmed via deposition by defendants Rule 30b-6, corporate designee LaRhonda Duncan on May 11. So, however you slice this case, the trial court could have said, that's the date that you got your answer. That's the date that the 30b-6 deponent testified she was entitled to post-retiring medical benefits, and the day before that was when I told plaintiff's counsel that the company would be stipulating, not conditional on not taking this deposition, but stipulate to the fact that she was now, that we had learned that she was entitled to post-retirement medical benefits. So the question is, under these scenarios, what did the plaintiff do to make the proof that was denied on the request to admit number 10? And the district court made no assessment of that. He assumed that she made the proof when, in fact, stipulation came from counsel, and the one deposition confirmed that. There was no effort at all, and despite that, you're offering… The plaintiff had not stipulation, but her position was there was an option to stipulate, but at the end there was no stipulation. Is that correct? That's not correct at all. I called plaintiffs… Where would I find the stipulation? Well, the stipulation is testified into the record before the trial court, where the whole scenario about what takes place. If there's not it, you're correct if you're asking whether there was a formal stipulation placed on the record, okay? But Rule 37 talks about making proof, and when I told opposing counsel that we would not contest and that we were stipulating that she was entitled to post-retiring medical benefits, she said she wanted to go forward with these depositions. But forget about the issue of stipulation. When the corporate designee, the person who we put forward, who AT&T, the Plaintiff Administrator put forward, to testify about whether she was entitled to post-employment retiring medical benefits, testified unequivocally on whatever it was, May 11 or May 12, the issue was over. Who was that person? LaRonda Duncan. Well, you know, a stipulation is far different from telling counsel you want to contest something at trial. I mean, a formal stipulation means you don't have to worry about it anymore. You're the party who's going to be trying to prove that. If you just say, the counsel says, I won't contest it, you proceed to do nothing further at your peril. So, I mean, to say it doesn't matter is, from a trial perspective on the ground, is not right. I mean, it's just not correct. Judge, I don't make those statements lightly. I've been working for 35 years, not as long as Mr. Greer. I don't make those statements lightly. And I called her. I called her at 10 o'clock at night and 6 a.m. the next morning to say— But it is from the evidentiary hearing that took place before the trials court. Yes, it is not right. I told her that that was it. But forget about that. A day later, the person who knew who we put up as the 30B6 designee said, yes, she's entitled to receive post-employment medical benefits. Plaintiff's counsel wasn't satisfied with that, and we went running down the road for everything that she did after that point in time, despite the fact she admitted in her own affidavit that the issue had been decided by the stipulation and by— by the acknowledgment, she says, and by the testimony of Loranda Conklin. So, that's the basic thing. This court rule can't be cleared. You can only recover costs that you incur as a result of making the proof. The trial court did not analyze what that meant, making the proof, or who made the proof. And the requesting party has to establish, for purposes of receiving the attorney's fees, that she or he made the proof, and in so doing, incurred it. Was there testimony and accusations or professional admissions before that had to do with this issue? No. No? No. So, your argument would be you do something wrong, you don't produce something that you've got, they keep trying to figure it out, but they fail. Then you, out of the goodness of your heart, or your legal organization, do produce it. All that extra time they've spent is lost. No, that's not my argument. My argument is this. My argument is this. The question is, what did she do to make the proof? Now, this is not the same answer in the sense that if you say, we succeeded in stonewalling them, that she tried to make the proof, you're saying that the phrasing, make the proof, doesn't mean what they tried to do, to do it. The fact that you were successfully hiding it during that time means they didn't make the proof, you made the proof. Well, I don't know about this. That's pejorative, but isn't that the result? No, it's not the result, because if you look at what the fees that she was seeking in this case, she had eight different… The problem is that in trying to get this answer, and I'm kind of pitting you down that your legal submission may be right, is that if we make the proof because we finally decide to, they get nothing. Is that right? That's how the analysis of the rule works. That's how the analysis… So you think that's the way the rule works? If they don't… I mean, the corollary to that is if they try to find out, but they're unsuccessful, there can never be any sanctions against you. I don't think that's the case. I think that if she eventually shows not that she just sent discovery out that she would have otherwise have sent, not that she would just be filing Second Amendment complaints, which was another element of what she sought to recover, not that she was just prosecuting the case that she would otherwise have prosecuted, but that she was specifically looking for the answer to what was denied in the request to admit, and she could prove that she spent time doing that, and she could prove that she spent time proving that, then yeah, I think that's how the rule operates. It's not a general discovery rule where the sanction provides for all fees incurred as a result of the defendant's failure to make discovery. It's not that rule. And to say that it is and say that everything that arises as a result of the defendant's failure to make discovery is not consistent with what the Rule 37 is. And I go back to the fact that this is a rule, and I've had numerous experiences with it. This is a rule where before you're getting ready for trial, you submit a request to admit, so things don't have to be proven at trial. And if somebody denies it and you prove it at trial, then there's a sanction for afterwards. But making the proof is typically a phrase, and the commentary to the rule suggests that it's a post-trial remedy. Now, maybe it's a post-trial remedy with respect to summary judgment in some instances, but it's a post-trial remedy that doesn't kick in until there's a making of the proof. And the fact that you denied something and she spent some time looking doesn't fall within making the proof. Now, there's a couple of other issues. The first issue, and the most substantial one, is this issue about whether or not she was entitled to recover fees beyond May 10th was never part of this appeal. And if you look at the statement of issue presented, it merely says that the district court erred in not finding that she was entitled to the fees and the costs in making the petition. No mention of the fact that it went beyond the date, that there was, in fact, a testimony by the witness and an acknowledgment that she was entitled to a return fee. The other thing is there's an exception to Rule 37 that talks about of no substantial importance. We've argued and we cited the cases. This particular issue would have not been—was of no substantial importance because it didn't matter for purposes of anything that happened in this case because the judge filed against the plaintiff on all the other claims without this being a particular issue. I see you're going to ask me a question, so let me have it. No, I'm just smiling at the suggestion that, you know, because she ultimately lost, it was of no substantial importance. I mean, what if we reversed the judge? It did not become of very substantial importance. No question about it, Judge. I mean, that's the test. That is, but if she couldn't establish five of the six elements of a claim and that even with this particular what should have been an admission, it's of no substantial importance because really it's a moot point because she could not have established it in any way. That's the argument. Thank you. Thank you, Judge. Ms. Young, you've helped me here. Yes. Under appeal, your brief says McCarthy should recover the costs of repairing his possession of a vehicle. Yes. Okay. When you went in, you asked for this $150,000 or so. There's nothing in this that says you want $150,000. So how much do you want? You've got $15,000, assuming this cross-appeal fails. How much more do you want for the vehicle? How much more in addition to the $150,000? No, in addition. You didn't ask. The appeal doesn't say, you know, we should get everything we ask for. It says the cost of repairing it. Sure. It does not, and the reason it doesn't is because that's a discretionary function of the trial court, would be our argument. The legal error that the court made should be reversed, but the court also has the ability to fashion an appropriate discovery sanction and a reasonable one under the proper legal remedy. That's why a specific number is not mentioned in our brief. I mean, theoretically, you know, if we agree to the legal decision, you know, we could remand for the district court to calculate properly, and that's typically what might happen. But it just seems like you ought to be able to tell us how much it is you receive. I would at least as to the trial court. Certainly. I would go with the $153,000. That is the number I would choose, but I understand. But you can see that that includes more than the cost associated with filing the fee petition. It includes the, as he discussed, the making the proof and then filing the fee petition. It can't be $153,000. It's the cost that we were forced to incur to try and get this information. Well, that's not the cost, but that's not the fees that would be associated with filing the petition. I think I understand what you're saying. It's not that hard. No, Your Honor, it's not. And perhaps a calculation would be appropriate for me to do. I expected a remand and not a numerical question. I apologize. That's my fault for not having a remand ready. If I could speak to a couple of things in the few minutes I have left. The question of whether this is strictly a post-trial remedy or whether it can occur earlier in the case I think is a question of the scope of the appeal that we're looking at here. The question of whether sanctions are appropriate. The court's sanctions order was not appealed, so that question of whether sanctions are at all appropriate is not before this court. The question is just, instead, the scope of the reward. I would also like to point out that all the costs that were requested, there's been a suggestion that this is in some way all of the costs that were requested or all of the costs that were incurred. I would simply point to the record at document number 74-1, which includes an affidavit discussing how things were broken down. Those reductions for things that were not included in this appeal were already done. And that's at page number 3676. That analysis was already done. I would also note that there was a question about whether the stipulation was entered. It was not entered. In our briefing, we discussed this, and specifically on May 31st of 2012, there was a request by McCartney's counsel to enter into the stipulation, and there was no response. That is in the record as well during the hearing when counsel for API acknowledged that he did not respond to that email. So there was no stipulation. And in addition, the testimony of LaRonda Duncan, which was taken on May 10th, I believe, she was an employee of Hewitt. She was not an employee of API. So the utility of her testimony is, I would think, questionable at this point and not as useful to us as it would have been if she were an employee of API. And finally, I'd like to just go to your point, Judge Gibbons, that if this is the kind of result that comes from using the rule in this fashion, it's absurd that a party can delay and obfuscate, require a person and another party to go through enormous time, energy, and money to get to the point where they learn the fact. And then, if they do not ultimately succeed on the merits of their case for whatever reason, that they're simply out of luck. And I think that's completely contrary to the purpose of the rules and the purpose of discovery sanctions in general. And with that, I will leave it at that.